IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BILL MILTIADES,<br><br>    Plaintiff,<br><br>v.<br><br>NADIA BLACK,<br><br>    Defendant. | CIVIL ACTION NO.: 4:21-cv-78 |

**O R D E R**

As explained below, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute, failure to follow this Court's directives, and failure to timely serve the Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**BACKGROUND**

After filing this action approximately three months ago, Plaintiff has not taken any measures to prosecute his claims. Upon the filing of the Complaint, the Clerk of Court notified Plaintiff that he failed to pay the filing fee and explained that his failure to remedy that failure within twenty-one days may result in dismissal. (Doc. 2.) Plaintiff has not paid the filing fee or otherwise responded to that notice, he has not served the Defendant, requested a summons, or otherwise taken any action in this case, and he has failed to keep the Court apprised of his address, (doc. 6.)

**DISCUSSION**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.

Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, the Court provided Plaintiff with notice that his failure to pay the filing fee would result in dismissal of his Complaint. (Doc. 2.)

in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Moreover, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff fails to effect service within 90 days of the filing of the complaint. A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

Despite the Court's specific instructions, Plaintiff has failed to take any effort to pay the filing fee or to move to proceed in forma pauperis. Moreover, he has not served the Defendant within the time period required by Rule 4(m), and he has not otherwise taken any action to prosecute this case. Even if Plaintiff were entitled to some additional notice before the Court dismisses this action, the Court could not provide it to him because he has not kept the Court apprised of his address. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Complaint for failure to prosecute, failure to follow this Court's directives, and failure to timely serve his Complaint.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Plaintiff's Complaint and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 25th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA